UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| RUPERT BAPTISTE., <br><br> Plaintiff, <br> v. <br><br> NEELY MOKED, <br><br> Defendant. | Civil Action No. <br><br> 2:17-CV-4287-ES-SCM <br><br> **ON ORDER TO SHOW CAUSE FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> **[D.E. 7]** |

## REPORT AND RECOMMENDATION

**STEVEN C. MANNION**, United States Magistrate Judge.

This matter comes before the Court upon *sua sponte* review of the subject matter jurisdiction in this case and a subsequent Order to Show Cause.[1] Plaintiff Rupert Baptiste ("Mr. Baptiste") submitted a response to the Order to Show Cause on November 7, 2017.[2] Defendant Neely Moked, Esq. ("Ms. Moked") submitted a brief in support of dismissal for lack of subject matter jurisdiction on November 15, 2017.[3] Oral argument was held before this Court on November 20, 2017. The Honorable Esther Salas, United States District Judge, referred this motion to the undersigned for report and recommendation.[4] Having reviewed and considered the parties' submissions, it is respectfully recommended that this matter be **DISMISSED** for lack of subject matter jurisdiction.

---

[1] (ECF Docket Entry No. ("D.E.") 7, Letter Order). The Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 12, Pl.'s Br. in Opp'n).

[3] (D.E. 14, Def.'s Br. in Supp.).

[4] L. Civ. R. 72.1(a)(2).

## I. BACKGROUND AND PROCEDURAL HISTORY[5]

On June 13, 2017, Mr. Baptiste filed the instant Complaint against Ms. Moked, alleging, among other things, "legal malpractice, tortious concealment of evidence, and recklessness."[6] In his initial Complaint, Mr. Baptiste appears to assert diversity jurisdiction, though he cites the Rules for federal question, diversity, and supplemental jurisdiction.[7] On October 23, 2017, this Court issued a *sua sponte* Order to Show Cause stating, in relevant part that Mr. Baptiste

> shall show cause in writing by 11/8/2017, why this action should not be dismissed for lack of federal subject matter jurisdiction by filing a certification or affidavit setting forth the citizenship (domicile) of each party at the time the complaint was filed and a brief explaining the basis for jurisdiction.[8]

Mr. Baptiste filed a letter in response on November 7, 2017,[9] and Ms. Moked filed a letter in support of dismissal on November 15, 2017.[10] In his correspondence with the Court, Mr. Baptiste lists his own address in Union, New Jersey[11] and served summons upon Ms. Moked at her residence in New Brunswick, New Jersey.[12]

---

[5] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[6] (D.E. 1, Compl., at ¶ 18).

[7] 28 U.S.C. §§ 1331, 1332, 1367; (D.E 1, Compl., at ¶ 18).

[8] (D.E. 7, Order).

[9] (D.E. 12, Pl.'s Br. in Opp'n).

[10] (*See* D.E. 1-2, 4, 9, 12).

[11] (D.E. 1, Compl., at ¶ 18).

[12] (D.E. 5).

## II. DISCUSSION & ANALYSIS

### A. Legal Standard

Federal courts are courts of limited jurisdiction, and this Court has an independent and continuing obligation to *sua sponte* inquire into subject matter jurisdiction.[13] As the party invoking this Court's jurisdiction, Mr. Baptiste bears the burden of establishing jurisdiction by a preponderance of the evidence.[14]

For cases in diversity, district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs" **and** where the matter is "between citizens of different States" or "citizens of a State and citizens or subjects of a foreign state."[15] It is well established that, for the purposes of diversity, a "natural person is deemed to be a citizen of the state where he is domiciled."[16] In determining a natural person's domicile for jurisdictional purposes, courts consider their "true, fixed and permanent home and place of habitation . . . the place to which, whenever he is absent, he has the intention of returning."[17]

---

[13] *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412 (3d Cir. 2010); *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001); *Univ. of S. Alabama v. Am. Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999).

[14] *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006); *see also Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

[15] 28 U.S.C. § 1332(a).

[16] *Zambelli*, 592 F.3d at 419.

[17] *McCann*, 458 F.3d at 286 (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)).

**B.     Analysis**

For this Court to exercise diversity jurisdiction, Mr. Baptiste bears the burden of establishing each of the following elements: (1) the amount in controversy exceeds $75,000, exclusive of costs and interests, *and* (2) the action is between citizens of different states.[18] Mr. Baptiste had an opportunity to address these elements in his initial pleading and in his subsequent letter brief to the Court. I find that Mr. Baptiste has failed to carry his burden and therefore dismissal is appropriate.

In his initial pleading, Mr. Baptiste entirely failed to address Ms. Moked's domicile, and instead merely alleged that she "has offices in the City of New York, State of New York."[19] He then asserted that "[t]his Court must have subject matter jurisdiction," though this claim is apparently based entirely on the harm Mr. Baptiste allegedly suffered.[20]

On reply to the Order to Show Cause, Ms. Moked asserts that Mr. Baptiste has been serving Ms. Moked at her residence in New Jersey.[21] Additionally, an identical complaint was voluntarily dismissed upon "representation of Defendant that she is a resident of New Jersey."[22] Demonstrating further support for the conclusion that this Court lacks diversity jurisdiction.[23]

---

[18] 28 U.S.C. § 1332(a)(1).

[19] (D.E. 1, Compl., at ¶ 17; *see also* D.E. 7, Order).

[20] (D.E. 1, Compl., at ¶ 20).

[21] (D.E. 14, Def.'s Br. in Supp.).

[22] *Id.*

[23] *Id.*

## IV. RECOMMENDATION

For the reasons discussed above, the undersigned respectfully recommends that the matter be **dismissed** for lack of subject matter jurisdiction and any pending motions be rendered moot. The parties have fourteen days to file and serve any objections to this Report and Recommendation.[24] "The District Court need not consider frivolous, conclusive, or general objections."[25]

The Clerk of the Court will mail a copy of this Report and Recommendation to the *pro se* plaintiff.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

12/13/2017 9:55:23 AM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties
    File

Rupert Baptiste
1063 Brighton Street #1
Union, NJ  07083

---

[24] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

[25] *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).