**MMA** | **Morgan Melhuish Abrutyn**
Attorneys At Law

**Petar Kuridza**
Partner
Admitted in NJ

651 Old Mount Pleasant Avenue
Suite 200
Livingston, NJ 07039
T: 973.863.7597  F: 973.994.3375
E: pkuridza@morganlawfirm.com

January 22, 2018

**VIA ECF**
Hon. Esther Salas, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:    **BAPTISTE v. MOKED**
             Docket No 2:17-cv-4287
             Our File No. LPL 34-522 U EA/MKS

Dear Judge Salas:

    Our firm represents the interests of Defendant Neely Moked, Esq., ("Ms. Moked") in connection with the above listed matter. Please accept this letter brief in response to Plaintiff Rupert E. Baptiste's ("Plaintiff") "motion for reconsideration" of the Honorable Steven Mannion, U.S.M.J.'s December 13, 2017 "Report and Recommendation," which recommended the matter be dismissed for lack of subject matter jurisdiction. This motion is returnable **Monday, February 5, 2018**. Oral argument is respectfully requested.

Hon. Esther Salas, U.S.D.J.
January 22, 2018
Page 2

## PRELIMINARY STATEMENT

The instant motion arises out of Plaintiff's clear dissatisfaction with the Court's December 13, 2017 "Report and Recommendation"[1] rendered by the Honorable Steven Mannion, U.S.M.J., which <u>correctly</u> recommended the matter be dismissed for lack of federal subject matter jurisdiction. Plaintiff now seeks the proverbial second bite at the apple under the guise of a "motion for reconsideration" to re-ligate the issue of subject matter jurisdiction when this Honorable Court provided Plaintiff with ample opportunity to establish same in response to the Court's *sua sponte* Order to Show Cause, but Plaintiff failed to do so.[2] In fact, Plaintiff entirely failed to address the issue of Ms. Moked's domicile — a necessary requirement pursuant to 28 <u>U.S.C.</u> § 1332(a)(1) — in response to the Court's Order to Show Cause.[3]

Plaintiff now seeks the Court to disregard the <u>proper</u> recommendation issued by the Honorable Steven Mannion, U.S.M.J. based on self-serving statements which are predicated on false premises. Nevertheless, Plaintiff's purported motion

---

[1] <u>See</u> EFC Document Entry No. 17.
[2] "For this Court to exercise diversity jurisdiction, Mr. Baptiste bears the burden of establishing each of the following elements: (1) the amount in controversy exceeds $75,000, exclusive of costs and interests, *and* (2) the action is between citizens of different states. Mr. Baptiste had an opportunity to address these elements in his initial pleading and in his subsequent letter brief to the Court. I find that Mr. Baptiste has failed to carry his burden and therefore dismissal is appropriate." <u>See</u> EFC Document Entry No. 17 at p. 4, ¶1.
[3] <u>Id.</u>

Hon. Esther Salas, U.S.D.J.
January 22, 2018
Page 3

for reconsideration must be denied as Plaintiff's newly — but ill-founded — contentions are without merit as it is well settled that Ms. Moked is a domiciliary of the State of New Jersey and as such, the Court correctly recommended the matter be dismissed for lack of federal subject matter jurisdiction.

## LEGAL ARGUMENT

### POINT I

**PLAINTIFF'S MOTION FOR RECONSIDERATION MUST BE DENIED AS THE COURT PROPERLY RECOMMENDED THE MATTER BE DISMISSED FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION.**

"The Third Circuit has held that the 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" NL Indus. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515-16 (D.N.J. 1996) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). "Reconsideration motions, however, may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. Id. at 516 (referencing Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1). "Accordingly, such motions will be granted only where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a

Hon. Esther Salas, U.S.D.J.
January 22, 2018
Page 4

manifest injustice arises." Id. (citing *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). "Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'" Id. (citing *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986); Writ, Miller & Kane, supra, at § 2810.1).

### A. Plaintiff's flawed arguments do not warrant reconsideration of Judge Mannion's recommendation of dismissal.

Here, Plaintiff — under the guise of a motion for reconsideration — seeks to re-litigate — albeit without merit — the issue of this Honorable Court's lack of federal subject matter jurisdiction. Notwithstanding the fact that Plaintiff had ample time to respond to the Court's Order to Show Cause, he now contends, based on his motion for reconsideration and supplemental submissions to the Court, that Ms. Moked's "residential address" is 360 Lexington Ave, Suite 1700, New York, NY 10168 ("360 Lexington Ave") and that she resided there up until the point she separated from her husband.[4] However, Plaintiff's newly founded contentions are of no moment as such are simply not based in reality.

In particular, Ms. Moked has never been married, let alone separated from her purported "husband."[5] Not only is Plaintiff's assertion about Ms. Moked's so-

---

[4] See EFC Docket Entries Nos. 18, 19.
[5] See Certification of Neely Moked, Esq. at ¶4.

Hon. Esther Salas, U.S.D.J.
January 22, 2018
Page 5

called marriage and divorce inaccurate, but so is the information he predicates his present motion on as 360 Lexington Ave fails to appear anywhere on the —albeit barely readable — reverse skip trace report issued by Spartan Detective Agency.[6] Despite Plaintiff's wholly inaccurate proclamation that said address exists on the skip trace report and that Ms. Moked resides there, Ms. Moked does maintain a New York office located at 380 Lexington Ave, Suite 1700, New York, NY 10168 as evidenced by Chanin Business Centers, LLC's invoice directed to Ms. Moked at said address.[7] Indeed, same is supported by Plaintiff's own admissions as he not only acknowledges such in his motion for reconsideration, but also in his instant Complaint. Plaintiff states in his Complaint that Ms. Moked "has offices in the City of New of New York, State of New York."[8] Most notably, in his motion for reconsideration Plaintiff unequivocally states, *"I tried to serve her [Ms. Moked] at her New York office however there was no one there to accept the paperwork."*[9] Simply put, the information Plaintiff now sets forth to the Court is undoubtedly flawed as it is in direct conflict with his own admissions. In the end, the Plaintiff's

---

[6] See EFC Document Entry No. 20 at p. 7.
[7] See Certification of Neely Moked, Esq. at ¶¶5-6; see also Exhibit A attached to Certification of Neely Moked, Esq.
[8] See EFC Document Entry No. 1 at ¶17; see also EFC Document Entry No. 17 at p. 4.
[9] See EFC Document Entry No. 20 at p. 1 (emphasis added).

arguments do not warrant this Honorable Court to disregard Judge Mannion's previous recommendation.

### B. Judge Mannion properly recommended a dismissal of the matter based on a lack of subject matter jurisdiction.

The Court correctly recommended the matter be dismissed for lack of subject matter jurisdiction because it is well settled that Ms. Moked is a citizen of New Jersey. For the purposes of subject matter jurisdiction, "[a] natural person is deemed to be a citizen of the state where he is domiciled." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010); see also Frett-Smith v. Vanterpool, 511 F.3d 396, 400-01 (3d Cir. 2008) (stating "[a] party's citizenship for purposes of subject matter jurisdiction is synonymous with domicile."). One's domicile "is an individual's true, fixed, and permanent home and place of habitation." Frett-Smith v. Vanterpool, 511 F.3d at 401. Simply stated, it is the place where the individual intends to return to whenever absent from such. Id.

Throughout the decades, the Third Circuit has enumerated numerous factors to be considered in determining one's domicile, which, amongst others, include:

1. Declarations;
2. Exercise of political rights;
3. Payment of personal taxes;
4. House of residence;
5. Locations of assets;
6. Registration of car; and

{01410524}
www.morganlawfirm.com
Offices in Livingston, NJ and New York, NY

      7.    Location of bank and brokerage accounts.

<u>Frett-Smith</u>, <u>supra</u>, 511 F.3d at 401, <u>McCann v. George W. Newman Irrevocable Tr.</u>, 458 <u>F.3d</u> 281, 286 (3d Cir. 2006); <u>Krasnov v. Dinan</u>, 465 <u>F.2d</u> 1298, 1301 (3d Cir. 1972).

In determining one's domicile the Third Circuit has stated, "One's testimony as to his intention to establish a domicile, while entitled to full and fair consideration, is subject to the infirmity of any self-serving declaration, and it cannot prevail to establish domicile when it is contradicted or negatived by an inconsistent course of conduct; otherwise stated, actions speak louder than words. <u>Korn v. Korn</u>, 398 <u>F.2d</u> 689, 691 (3d Cir. 1968).

In the present action, the Court properly recommended the matter be dismissed because Plaintiff entirely failed to meet his burden of establishing subject matter jurisdiction based on diversity.[10] In particular, Plaintiff skirted the real issue before the Court—Ms. Moked's domicile —and argued at length that he met (only) the amount in controversy requirement.[11] As such, the Court properly utilized Ms. Moked's certification evidencing her residential address in New Brunswick New Jersey (domicile), which Plaintiff confirmed — given the fact — that he served Ms. Moked with the present Complaint and his November 6, 2017 letter

---

[10] <u>See</u> EFC Document Entry No. 17 at p. 4, ¶1.
[11] Ms. Moked does not concede that Plaintiff has properly met the amount in controversy threshold; rather, for clarity and brevity, Ms. Moked only addressed the issue that the Court raised in its Order to Show Cause, i.e., diversity of citizenship. <u>See</u> EFC Document Entry No. 17 at p. 4, ¶2.

Hon. Esther Salas, U.S.D.J.
January 22, 2018
Page 8

brief in response to the Order to Show Cause to her at the <u>same exact New Jersey address</u>.[12] More importantly, Plaintiff previously filed a complaint, alleging facts nearly identical to the present matter, on September 10, 2014, entitled <u>Baptiste v. Moked</u>, United States District Court, District of New Jersey, Docket No. 2:14-cv-05618.[13] That same complaint was voluntarily dismissed[14] by Plaintiff's then counsel based upon the "representation of Defendant that she is a resident of New Jersey."[15] Such information cannot be ignored and was rightfully taken into account by the Court when renderings its recommendation.[16]

To further exemplify the Court's accuracy in recommending the matter be dismissed, it is <u>unequivocal</u>, that Ms. Moked is a domiciliary of New Jersey as her actions alone depict this fact. Said actions coupled with her statements make such simply irrefutable. Ms. Moked lives at 1050 George Street, Apartment 15H, New Brunswick, New Jersey, 08933 ("1050 George Street, New Jersey"), with her father

---

[12] See ECF Docket Entry No. 14; ECF Docket Entry No. 14-1 at p. 26; ECF Docket Entry No. 6, p. 2 and ECF Docket Entry No. 12 at p. 2.
[13] See ECF Docket Entry No. 1 (for Docket No. 2:14-cv-05618).
[14] It must be noted, that upon Plaintiff's then counsel's voluntary dismissal of Plaintiff's Federal Complaint, the same exact Complaint was filed by Plaintiff's then counsel in the Superior Court of New Jersey. The Complaint was dismissed with prejudice and said decision was affirmed by the Appellate Division and certification denied by the New Jersey Supreme Court. Further, the present Complaint (ECF Docket Entry No 1.) filed by Plaintiff is nearly identical to the one that was previously dismissed in State Court and Ms. Moked submits such is barred by the principles of preclusion. See ECF Docket Entry No. 14-1 at pp 4-18.
[15] See ECF Docket Entry No. 4 (for Docket No. 2:14-cv-05618).
[16] See ECF Docket Entry No. 17 at p. 4, ¶3.

Hon. Esther Salas, U.S.D.J.
January 22, 2018
Page 9

and considers this resident address to be her home.[17] Ms. Moked is registered to vote in New Jersey (i.e., "exercise of political rights"), and said voter registration bears the New Jersey address of 1050 George Street.[18] In addition, her car is <u>both</u> insured (e.g. "Policy state: New Jersey")[19] and registered in New Jersey - both rendering her address as 1050 George Street, New Jersey.[20]

Furthermore, Ms. Moked's tax returns, as evidence by her Internal Revenue Service's' account transcripts from 2013-2016 bear the address of 1050 George Street, New Jersey.[21] Lastly, Ms. Moked's monthly bank statements are sent to her home address at 1050 George Street, New Jersey.[22] Based on all of the above, it is indisputable that Ms. Moked is rooted in New Jersey and considers 1050 George Street to be her "true, fixed, and permanent home and place of habitation." <u>Frett-Smith v. Vanterpool</u>, 511 <u>F.3d</u> at 401. Therefore, Plaintiff's motion for reconsideration must be denied as the Court correctly recommended the instant matter be dismissed as it is emphatically clear that Ms. Moked is a citizen of New Jersey.

---

[17] <u>See</u> Certification of Neely Moked, Esq. at ¶3; It must be noted, it is of no moment that Ms. Moked lives with her father as such is analogous to a person reaching the age of majority who lives with their family members (e.g. college students, young adults, etc.) for the purposes of determine one's domicile.
[18] <u>See</u> Certification of Neely Moked, Esq. at ¶11.
[19] <u>See</u> Exhibit C attached to Neely Moked, Esq.'s Certification.
[20] <u>See</u> Certification of Neely Moked, Esq. at ¶¶4, 10.
[21] <u>See</u> Certification of Neely Moked, Esq. at ¶9.
[22] <u>See</u> Certification of Neely Moked, Esq. at ¶8.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that Plaintiff Rupert E. Baptiste's motion for reconsideration be denied and Court enter an order in accordance with the Honorable Steven Mannion, U.S.M.J.'s December 13, 2017 recommendation.

Respectfully submitted,

*s/Petar Kuridza*
PETAR KURIDZA, ESQ.

PK/cs
cc:  Rupert E. Baptiste (via certified mail, r.r.r. and regular mail)
     Neely Moked, Esq. (via email)

{01410524}
www.morganlawfirm.com
Offices in Livingston, NJ and New York, NY