UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

July 3, 2018

## LETTER MEMORANDUM

Re: *Baptiste v. Moked*
Civil Action No. 17-4287 (ES) (SCM)

Dear Parties:

On December 13, 2017, the Hon. Steven C. Mannion, U.S.M.J., entered a Report and Recommendation recommending that the Undersigned dismiss this case for lack of subject-matter jurisdiction. (D.E. No. 17 (the "R&R")). *Pro se* Plaintiff Rupert Baptiste timely objected[1] to the R&R (D.E. No. 20), and Defendant Neely Moked opposed Baptiste's objection (D.E. No. 22). For the following reasons, the Court will accept Magistrate Judge Mannion's recommended disposition and dismiss this case for lack of subject-matter jurisdiction.

*Procedural History*. On June 13, 2017, Baptiste brought this action against Moked for "legal malpractice, tortious concealment of evidence, and recklessness" stemming from Moked's alleged representation of Baptiste during Baptiste's divorce proceedings. (*See* D.E. No. 1 ¶¶ 2-3). In particular, Baptiste alleges that he entered into an unconscionable marital settlement in reliance on false information Moked gave him. (*Id.* ¶¶ 4, 28).

Baptiste's Complaint states that the Court "has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331, 1332, 1367." (*Id.* ¶ 18). The Complaint does not assert any claims under federal law. (*See generally id.*). And although the Complaint states that Moked "has offices in the City of New York, State of New York" (*id.* ¶ 17), it does not identify Moked's citizenship.

Magistrate Judge Mannion conducted a *sua sponte* screen of Baptiste's Complaint and issued a Letter Order to Show Cause why this case should not be dismissed for lack of subject-matter jurisdiction. (D.E. No. 7). The Letter Order directed Baptiste to file "a certification or affidavit setting forth the citizenship (domicile) of each party at the time the complaint was filed and a brief explaining the basis for jurisdiction." (*Id.* at 2).

---

[1] Baptiste filed a "Motion for Reconsideration" within the fourteen-day time limit prescribed by Local Civil Rule 72.1(c)(2). The Court will construe Baptiste's motion as an objection to the R&R. *See Higgs v. Att'y Gen.,* 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

In response, Baptiste filed a letter directed primarily to damages. (*See* D.E. No. 12). He asserts that the "severe financial harm and the emotional distress brought on by [Moked's] recklessness has and will continue to greatly affect [his] financial and emotional well-being." (*Id.* at 1). He states: "Given the severity of the long-lasting effects, the award of damages in excess of $75,000 is highly likely." (*Id.*). And he adds: "[E]ven if a litigant attempts to avoid federal jurisdiction by trying to claim it is the state's jurisdiction, the federal court should trump the state court if there is a question to the jurisdiction." (*Id.* at 2) (citing *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557 (1968)). Baptiste neither addresses the parties' citizenship nor attaches a certification or affidavit.

***Legal Standard for R&R***. "When a litigant files an objection to a Report and Recommendation, the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13-4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013) (citing 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(b), and L. Civ. R. 72.1(c)(2)). The district court may then "accept, reject or modify the recommended disposition . . . ." *Weber v. Mcgrogan*, No. 14-7340, 2016 WL 3381233, at *2 (D.N.J. June 9, 2016) (quoting Fed. R. Civ. P. 72(b)(3)). The district court may also "receive further evidence or recommit the matter to the Magistrate with instructions." 28 U.S.C. § 636(b)(1)(C); *see also* L. Civ. R. 72.1(a)(2). "Unlike an Opinion and Order issued by a Magistrate Judge on a non-dispositive matter, an R&R does not have the force of law unless and until the district court enters an order accepting or rejecting it. *Ecurie Reve Avec Moi, Inc. v. N.J. Racing Comm.*, No. 11-4639, 2017 WL 6403001, at *2 (D.N.J. Aug. 11, 2017) (citing *United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987)).

***Legal Standard for Subject-Matter Jurisdiction***. "The district courts of the United States . . . are 'courts of limited jurisdiction.'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *United States v. Merlino*, 785 F.3d 79, 82 (3d Cir. 2015) (quoting *Kokkonen*, 511 U.S. at 377)). Consequently, when a federal court finds that it lacks jurisdiction over an action, "the only function remaining . . . is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted); *see also Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 219 (3d Cir. 2012); Fed. R. Civ. P. 12(h)(3).

There are two traditional bases for subject-matter jurisdiction in federal court: federal question-jurisdiction and diversity jurisdiction. *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, No. 11-0011, 2011 WL 1458779, at *1 (D.N.J. Apr. 15, 2011) (citation omitted). Federal-question jurisdiction applies to civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction applies to civil actions "where the matter in controversy exceeds the sum or value of $75,000 and is between 'citizens of different States.'" *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting 28 U.S.C. § 1332(a)(1)). "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

"The key inquiry in establishing diversity is . . . the 'citizenship' of each party to the action." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). "A natural person is deemed to be a citizen of the state where he is domiciled." *Id.* "The domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *Vlandis v. Kline*, 412 U.S. 441, 454 (1973). "In determining an individual's domicile, a court considers several factors, including 'declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business.'" *McCann*, 458 F.3d at 286 (quoting *Krasnov v. Dinan*, 465 F.2d 1298, 1301 (3d Cir. 1972)). Courts may also consider such factors as the "location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration." *Id.* (citation omitted). Courts determine whether complete diversity exists by examining the citizenship of all the parties at the time the complaint was filed. *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995).

*Analysis.* Baptiste's Complaint asserts both federal-question and diversity jurisdiction. (D.E. No. 1 ¶ 18). For federal-question jurisdiction, Baptiste does not assert any claims under federal law. Instead, he asserts claims for malpractice (Count One), tortious concealment of evidence (Count Two), and emotional distress (Count Three), all stemming from his alleged client-attorney relationship with Moked. (*See id.* ¶¶ 29-41). And Baptiste has not argued in his submissions that the Court has federal-question jurisdiction over his claims. The Court therefore concludes that Baptiste has failed to establish federal-question jurisdiction.

As for diversity jurisdiction, Baptiste appears to argue that Moked is domiciled at 360 Lexington Ave, Suite 1700, New York, New York, 10168 ("360 Lexington Ave."), and that she resided there until she separated with her husband and moved temporarily into her father's New Jersey home. (*See* D.E. Nos. 18 & 19).

Moked disputes these assertions. In a certification filed with her opposition to Baptiste's objection, Moked states that she has "never been married or resided at" 360 Lexington Ave. (D.E. No. 22-1 ("Moked Cert.") ¶ 4). She also states that "[a]s of the date the complaint in this action was filed, [she] was domiciled at 1050 George Street, Apartment 15H, New Brunswick, New Jersey, 08933" ("1050 George Street"). (*Id.* ¶ 2). She explains that she maintains a law office at 360 Lexington Ave. (*id.* ¶ 5), and she attaches "an invoice from Virgo Chanin Business Centers, LLC, 380 Lexington Avenue – 17th floor, New NY 10168, which includes [her] office's fixed charge's [sic] for January 2018 and the variable charges for December of 2017" (*id.* ¶ 6).

Moked's certification also includes the following attachments:

- A verification of her car insurance, dated December 27, 2017, depicting the "policy state" as New Jersey and her address as 1050 George Street (*id.* ¶ 7);

- A copy of the first page of her bank statement, as of November 30, 2017, depicting her address as 1050 George Street (*id.* ¶ 8);

- IRS account transcripts from 2013 through 2016 depicting her address as 1050 George Street (*id.* ¶ 9);

3

- A picture of her New Jersey motor vehicle registration bearing an expiration date of January 2019 and depicting her address as 1050 George Street (*id.* ¶ 10); and

- A copy of a LexisNexis Public Persons search depicting her New Jersey Voter Registration Information, which shows her address as 1050 George Street and identifies a "Last Vote Date" of November 3, 2015 (*id.* ¶ 11).

In light of the foregoing, the Court concludes that Baptiste has failed to meet his burden of establishing diversity jurisdiction.[2] *See Lincoln Benefit Life Co.*, 800 F.3d at 105. Indeed, the evidence shows that Baptiste and Moked were both domiciled in—and thus citizens of—New Jersey at the time Baptiste filed his Complaint. *See Nero v. St. Joseph's Reg'l Med. Hosp.*, No. 15-0120, 2015 WL 5306022, at *2 (D.N.J. Sept. 10, 2015).

Accordingly, because the Court does not have subject-matter jurisdiction over this action, it will dismiss Baptiste's Complaint. An appropriate Order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[2] In light of the Court's disposition, the Court need not address whether Baptiste's Complaint meets the amount-in-controversy requirement of § 1332(a)(1).